IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:

Case No. 08-71204-CMS-07

DENISE L. EVANS,

    Debtor.

PREMIER SELF STORAGE, LLC.,

    Plaintiff,

v.    AP No. 08-70044

DENISE L. EVANS,

    Defendant.

## MEMORANDUM OF DECISION

This adversary proceeding came before the court December 16, 2008, for hearing on the Objection to Notice of Removal and Motion for Remand filed by the Debtor and on Premier Self Storage, LLC's ("Plaintiff") Motion to Extend Time for Removal or, in the alternative, Motion for Order Determining that Notice of Removal is Timely Filed ("Motion"). Kristofor D. Sodergren appeared on behalf of Plaintiff and Frederick M. Garfield appeared on behalf of Denise L. Evans ("Debtor"). After consideration of the record, the arguments of counsel and the briefs submitted by the parties, this court **OVERRULES** Debtor's Objection to Notice of Removal; **DENIES** the Debtor's Motion for Remand; and **GRANTS** the Plaintiff's Motion for Order Determining that Notice of Removal is Timely Filed.

1

## JURISDICTION

The Bankruptcy Court has jurisdiction of Debtor's Chapter 13 case pursuant to 28 U.S.C. § 1334(a). This court has jurisdiction of this issue, a core bankruptcy proceeding, pursuant to 28 U.S.C. § 1334(b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

## FINDINGS OF FACT

Because the following discussion is date-specific, the court will put all events on a time-line:

- <u>June 17, 2008</u> - Debtor commenced the instant case by filing a voluntary Chapter 11 petition. This case is Debtor's third case filed within a one-year period: Debtor filed a voluntary Chapter 13 petition on August 2, 2007, case number 07-71296, which was dismissed on October 9, 2007; Debtor filed a second voluntary Chapter 13 petition on November 30, 2007, case number 07-72142, which was dismissed on June 12, 2008.

- <u>July 17, 2008</u> - The court entered the Order Converting Case and the Order Appointing Trustee. (Bk Docs. 72 & 74). After the case was converted to a Chapter 7 and Robert L. Shields, III ("Trustee") was appointed as the Chapter 7 Trustee, Trustee filed a Motion to Extend Automatic Stay. (Bk. Doc. 76). Although captioned a Motion to Extend the Automatic Stay, in reality it was a Motion to Impose the Automatic Stay because no stay came into effect upon the filing of this case by the Debtor.

- <u>July 18, 2008</u> - The court entered the Consent Order Regarding Imposition of the Automatic Stay in which all parties agreed that "the automatic stay under 11 U.S.C. § 362 shall be effective as of the date of the entry of this Order until fourteen (14) days after the Debtor's

2

Section 341 meeting scheduled on August 27, 2008 at 1:00 p.m." (Bk. Doc. 80).

- <u>August 29, 2008</u> - Plaintiff filed its Motion for Relief from Stay to Proceed in State Court by Premier Self Storage, LLC and Request for Special Hearing on September 16, 2008. (Bk. Doc. 107). In such motion, Plaintiff sought to continue a prepetition cause of action filed in the Circuit Court of Tuscaloosa County, Alabama ("State Action"). The State Action was brought pursuant to state law, seeking relief on the following theories: breach of contract, fraud, and suppression. Debtor was not the only named defendant in the State Action; Bill Evans Real Estate Co., Inc. was also a named defendant.

- <u>September 3, 2008</u> - The court entered the Consent Order Regarding Continued Imposition of the Automatic Stay in which all parties agreed to further continue the "automatic stay as regards assets of the debtor shall remain in place and be effective until the earlier of entry of an order by this court" regarding Trustee's Motion for Continuance of Automatic Stay or October 1, 2008. (Bk. Doc. 110). The court is unclear as to what the parties intended by limiting the stay to "assets of the debtor" as no similar language is contained in § 362; therefore, for purposes of this memorandum, the court will assume that the parties meant to continue the automatic stay imposed by the July 18, 2008 Order, which means that the automatic stay was in full effect upon entry of the September 3, 2008 Order.

- <u>September 15, 2008</u> - 90th day after the Chapter 11 Order for Relief.

- <u>September 16, 2008</u> - The court held a hearing on Plaintiff's Motion for Relief from Stay to Proceed in State Court. The court denied Plaintiff's Motion to Proceed in State Court, but stated that the automatic stay does not protect third parties and granted Plaintiff permission to proceed in state court against the other named defendants in the State Action. (Bk. Doc.

3

Case 08-70044-CMS    Doc 20    Filed 03/27/09    Entered 03/27/09 14:42:05    Desc Main
Document    Page 3 of 16

145).

- September 24, 2008 - The court entered an Order reimposing the automatic stay "as regards all property of the estate except as regards the Regions mortgage relative to the debtor's homestead and contiguous 33 acres." (Bk. Doc. 147). A separate order regarding the Regions mortgage was also entered. (Bk. Doc. 148).

- September 29, 2008 - Plaintiff filed a Motion to Sever the State Action in the Circuit Court. (AP Doc. 1).

- October 3, 2008 - The Circuit Court granted the Motion to Sever the State Action. (AP Doc. 1).

- October 15, 2008 - 90th day after the conversion to Chapter 7.

- October 16, 2008 - A new case number was assigned to the severed State Action. (AP Doc. 1).

- October 22, 2008 - Plaintiff filed a Notice of Removal and commenced this Adversary Proceeding. (AP Doc. 1).

- October 23, 2008 - Plaintiff filed an Amended Complaint, adding a count alleging that the debt owed to Plaintiff is nondischargeable pursuant to § 523. (AP Doc. 2)

- October 30, 2008 - Debtor filed a Response and Objection to Notice of Removal and Motion for Remand, alleging that the Notice of Removal filed by Plaintiff was untimely. (AP Doc. 5).

- October 31, 2008 - Plaintiff filed a Motion for an Order Determining that Notice of Removal was Timely Filed or, in the Alternative, Motion Pursuant to Bankruptcy Rule 9006(b) to Extend Time for Filing of Notice of Removal in response to Plaintiff's Objection.

4

- December 16, 2008 - A hearing on the Debtor's Response and Objection to Notice of Removal and Motion for Remand was held. At such hearing, Debtor further alleged that the severance of the State Action and the removal of the State Action violated the automatic stay provided for in § 362(a), and requested that the court determine that the severance and removal were null and void.

- January 9, 2009 - Deadline for the Debtor to file a Brief.

- January 23, 2009 - Deadline for the Plaintiff to file a Response Brief; date court took this matter under advisement.

**CONCLUSIONS OF LAW**

The issues before this court are: (1) whether the severance of the State Action violated the automatic stay; (2) whether the removal of the State Action violated the automatic stay; and (3) whether the removal of the State Action was timely. This court will first make a determination as to whether the severance of the State Action and the removal of the State Action violated the automatic stay.

I. The Automatic Stay

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") in October 2005, § 362 of the Bankruptcy Code[1] provided for an automatic stay effective automatically and immediately upon the filing of all bankruptcy petitions. The amendments to § 362 effectuated by BAPCPA changed this by adding subsection (c)(4) to § 362. Section 362(c)(4) provides, in pertinent part:

---

[1] All section references are to sections of the Bankruptcy Code, unless otherwise indicated.

5

(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; . . . .

(B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

(C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; . . . .

11 U.S.C. § 362(c)(4). In essence, subsection (c)(4) provides that if a debtor files a bankruptcy case and the debtor has had two previous cases pending and dismissed within the year preceding the filing of the debtor's current case, "subsection (a) shall not go into effect upon the filing" of the current case. As laid out in detail above, within the one-year period preceding the filing of the instant case, two cases filed by the Debtor were dismissed. As such, § 362(c)(4) applies and "subsection (a)" did not go into effect upon the filing of the Debtor's current case. 11 U.S.C. § 362(c)(4)(A)(i). The subsection (a) referred to in § 362(c)(4)(A)(i) is § 362(a). See In re Williams, 346 B.R. 361, 366 (Bankr. E.D. Pa. 2006).

Section 362(a) provides that the filing of a bankruptcy petition automatically operates as a stay against a broad array of creditor activities. In particular, subsection (a)(1) prohibits the commencement or continuation of any action or proceeding against the debtor that was or could have been commenced before the commencement of the debtor's bankruptcy case; subsection (a)(1) also prohibits the commencement or continuation of any action or proceeding to recover a claim against a debtor that arose before the commencement of the debtor's bankruptcy case. 11 U.S.C. § 362(a)(1). If the automatic stay had gone into effect upon the filing of Debtor's bankruptcy petition,

it is possible that the severance and removal of the State Action violated such stay. This is true because the severance and removal of the State Action arguably constitute continuation of a proceeding against the Debtor that was commenced prepetition. However, because § 362(c)(4) applies, the automatic stay provided for in § 362(a) stay did not go into effect upon the filing of Debtor's bankruptcy petition, and the Plaintiff was not stayed pursuant to § 362(a)(1) from continuing its State Action upon the filing of Debtor's bankruptcy petition. See Nelson v. George Wong Pension Trust (In re Nelson), 391 B.R. 437, 447 (9th Cir. BAP 2008).

This is not the end of the analysis, however, because this court entered numerous orders in which a stay was imposed. On July 18, 2008,[2] before the Plaintiff severed and removed the State Action, the court, pursuant to § 362(c)(4)(B), entered the Consent Order Regarding Imposition of the Automatic Stay in which all parties agreed that "the automatic stay under 11 U.S.C. § 362 shall be effective as of the date of the entry of this Order until fourteen (14) days after the Debtor's Section 341 meeting scheduled on August 27, 2008 at 1:00 p.m." On September 3, 2008, before the severance and removal of the State Action, the court entered the Consent Order Regarding Continued Imposition of the Automatic Stay in which all parties agreed to further continue the automatic stay. Because these orders impose the automatic stay under § 362 with no restrictions,[3] the severance and

---

[2] The Order entered on July 18, 2008, was the first order entered by this court imposing the stay in this case. Although such order was entered on the 31st day after the filing of this bankruptcy petition by the Debtor, both the Debtor and the Trustee requested that the court impose the automatic stay within 30 days of the filing of this bankruptcy petition. Therefore, the order entered on July 18, 2008, and all the orders following it, are timely. 11 U.S.C. § 362(c)(4)(B).

[3] As noted in the Finding of Facts, the September 3, 2008 Order actually continued the "automatic stay as regards assets of the debtor." However, the court is unclear as to what the parties intended by limiting the stay to "assets of the debtor" as no similar language is contained in § 362. Therefore, for purposes of this memorandum, the court will assume that the parties

7

removal of the State Action would arguably violate the stay imposed by such orders pursuant to § 362(a)(1). However, the full § 362 stay was not in effect when the Plaintiff severed and removed the State Action. On September 24, 2008, the court entered the final Order imposing the stay. Because the Plaintiff did not sever or remove the State Action until well after September 24, 2008,[4] the stay imposed by the September 24, 2008 Order governs whether or not the Plaintiff violated the stay with respect to the severance and removal of the State Action. 11 U.S.C. § 362(c)(4)(B) (providing that "the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose) after notice and a hearing"). See also Cline v. Deutsche Bank Nat'l Trust Co. (In re Cline), 386 B.R. 344, 352 (Bankr. N.D. Ala. 2008). The September 24, 2008 Order provides that the stay would only be "reimposed as regards all property of the estate." The court interprets this provision as applying the provisions of § 362 that prohibit acts against property of the estate. Therefore, in order to determine whether the stay imposed by the September 24, 2008 Order prohibited the severance and removal of the State Action, this court must determine whether the severance and removal of the State Action constitutes an act against property of the estate that is prohibited by § 362.

Section 362(a)(1) prohibits "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

---

meant for the automatic stay to be in full effect.

[4]The State Action was severed on October 3, 2008. The State Action was removed on October 22, 2008.

Because subsection (a)(1) does not prohibit acts against property of the estate, this subsection does not apply in this case. Therefore, the severance and removal of the State Action was not stayed by § 362(a)(1).

Section 362(a)(2) prohibits "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. § 362(a)(2). Because no prepetition judgment was rendered in favor of the Plaintiff and against the Debtor, the severance and removal of the State Action could not possibly be an attempt to enforce such a judgment. Therefore, the severance and removal of the State Action was not stayed by § 362(a)(2).

Section 362(a)(3) prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). To determine whether § 362(a)(3) prohibited the severance and removal of the State Action, the court must first determine whether the State Action is property of the estate. If the State Action is property of the estate, then the severance and removal of the State Action by the Plaintiff would constitute an exercise of control over property of the estate. See, e.g., Baillie Lumber Co., LP v. Thompson, 413 F. 3d 1293 (11th Cir. 2005) (holding that individual creditor in pending Chapter 11 bankruptcy was prevented by automatic stay from pursuing a cause of action that constituted property of the estate). Section 541 governs what is property of the estate in a bankruptcy case and basically provides that all legal and equitable interests of the debtor become property of the estate with a few limited exceptions. A creditor's prepetition cause of action against a debtor is not a legal or equitable interest of such debtor, and nowhere in § 541 is there authority for the court to determine

9

that a creditor's prepetition cause of action against a debtor constitutes such an interest.[5] See 11 U.S.C. § 541. Therefore, this court finds that the State Action does not constitute property of the estate, and that the severance and removal of the State Action did not constitute an attempt to exercise control over property of the estate. There is another possible way that § 362(a)(3) prohibited the severance and removal of the State Action. Debtor's bankruptcy case is currently proceeding under Chapter 7 of the Bankruptcy Code, meaning that a Chapter 7 trustee is currently charged with maintaining all of Debtor's legal and equitable interests that constitute property of the estate. See 11 U.S.C. § 704. The duties of a Chapter 7 trustee include defending against prepetition causes of action filed against a debtor in order to prevent unfounded claims from being filed in a Chapter 7 bankruptcy case. When a Chapter 7 trustee must defend such a cause of action, as the Trustee in this case would have to do if the State Action was still in state court, such trustee incurs expenses. These expenses are administrative expenses of the estate and get paid before any distribution to unsecured creditors is made. Therefore, when a trustee has to defend against a lawsuit it diminishes the amount of money available for distribution to unsecured creditors. It is arguable that any continuation of a cause of action which a Chapter 7 trustee must defend against constitutes an "act to obtain possession of property of the estate or of property from the estate" in violation of § 362(a)(3). This court holds, however, that the continuation of a cause of action that a Chapter 7 trustee must defend against does not constitute an "act to obtain possession of property of the estate or of property from the estate" as long as the prepetition cause of action seeks only to liquidate a party's claim. In re Piper Aircraft Corp. v. Calabro (In re Piper Aircraft Corp.), 169 B.R. 766, 773

---

[5] In making this determination it should be noted that the Debtor does not have a pending counterclaim in the State Action.

10

(Bankr. S.D. Fla. 1994) ("[Party] is seeking to liquidate the amount of her claim, not to execute against assets of the Debtor. As such, prosecution of the [cause of action] is not 'an act to obtain possession of property of the estate . . . .' subject to the stay provisions of § 362(a)(3)."). Because the State Action seeks only to liquidate Plaintiff's claim, this court finds that the severance and removal of the State Action do not constitute an act to obtain possession of property of the estate or of property from the estate. Therefore, this court finds that the severance and removal of the State Action was not stayed by § 362(a)(3).

Section 362(a)(4) prohibits "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). Because the State Action seeks a money judgment and does not allege a lien in any of the Debtor's property, the severance and removal of the State Action could not possibly be construed as an act to create, perfect, or enforce a lien against property of the estate. Therefore, the severance and removal of the State Action was not stayed by § 362(a)(4).

Section 362(a)(5) prohibits "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(5). Because the State Action seeks a money judgment and does not allege a lien in any of the Debtor's property, the severance and removal of the State Action could not possibly be construed as an act to create, perfect, or enforce a lien against property of the debtor. Therefore, the severance and removal of the State Action was not stayed by § 362(a)(5).

Section 362(a)(6) prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). Because subsection (a)(6) does not prohibit acts against property of the estate, this subsection does not apply

11

in this case. Therefore, the severance and removal of the State Action was not stayed by § 362(a)(6).

Section 362(a)(7) prohibits "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). Because subsection (a)(7) does not prohibit acts against property of the estate, this subsection does not apply in this case. Therefore, the severance and removal of the State Action was not stayed by § 362(a)(7).

Section 362(a)(8) prohibits "the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title." 11 U.S.C. § 362(a)(8). Because subsection (a)(8) does not prohibit acts against property of the estate, this subsection does not apply in this case. Therefore, the severance and removal of the State Action was not stayed by § 362(a)(8).

Because the severance and removal did not violate any of the provisions of § 362 that prohibit acts against property of the estate, the court must find that the severance and the removal of the State Action did not constitute violations of the stay imposed by the September 24, 2008 Order and Debtor's objections to the severance and removal are overruled.

## II. The Removal

The last issue before this court is whether the Notice of Removal filed by the Plaintiff on October 22, 2008, was timely. The State Action was pending in the state court when Debtor filed this bankruptcy petition. Therefore, Bankruptcy Rule 9027(a)(2) governs whether the Notice of Removal filed by Plaintiff was timely. FED. R. BANKR. PRO. 9027(a)(2); Woods v. Passodelis (In

12

Case 08-70044-CMS    Doc 20    Filed 03/27/09    Entered 03/27/09 14:42:05    Desc Main
Document    Page 12 of 16

re Passodelis), 234 B.R. 52, 59 (Bankr. W.D. Pa. 1999); El Llano Co, Inc. v. Summit Investment Co., LLC (In re Potter), No. 06-1138, 2007 WL 1672181, at *3 (Bankr. D.N.M. 2007). Rule 9027(a)(2) provides:

> **(a) Notice of Removal.**
>
> > (2) Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. PRO. 9027(a)(2). Because Debtor's case is pending under Chapter 7, not Chapter 11, Rule 9027(a)(2)(C) does not apply. Therefore, Plaintiff had until the longest of (1) 90 days after the order for relief; or (2) 30 days after entry of an order terminating a stay, if the State Action was stayed under § 362. In this case, if the time period provided for in Rule 9027(a)(2)(A) was the longest period of time, Plaintiff's Notice of Removal was untimely. The court believes that the petition date constitutes the "order for relief" for purposes of determining whether a Notice of Removal is timely, but even if the date of conversion constitutes the "order for relief," the Notice of Removal was untimely. This is true because Debtor's case was converted on July 18, 2008, making October 15, 2008 the 90th day after Debtor's conversion to Chapter 7. The Notice of Removal was filed on October 22, 2008, well after the 90th day after Debtor's conversion to Chapter 7. Therefore, Plaintiff must rely on the time period contained in Rule 9027(a)(2)(B), i.e., the Plaintiff must show that the Notice of Removal was filed within 30 days after the entry of an order terminating the stay.

13

For this court to find that the Notice of Removal of the State Action filed by Plaintiff on October 22, 2008, was timely filed pursuant to Rule 9027(a)(2)(B), this court must find the following: (1) the State Action was stayed under § 362, and (2) the Notice of Removal was filed within 30 days after entry of an order terminating such stay. FED. R. BANKR. PRO. 9027(a)(2)(B). This court finds that the State Action was stayed under § 362. Although the State Action was not stayed upon the filing of the Debtor's bankruptcy petition, the State Action was stayed upon the entry of the Consent Order Regarding Imposition of the Automatic Stay on July 18, 2008. The Consent Order Regarding Imposition of the Automatic Stay provides that "the automatic stay under 11 U.S.C. § 362 shall be effective as of the date of the entry of this Order until fourteen (14) days after the Debtor's Section 341 meeting scheduled on August 27, 2008 at 1:00 p.m." Such Order imposed the § 362 stay with no restrictions, meaning that the continuation of the State Action was stayed pursuant to § 362(a)(1). Because such Order was entered pursuant to § 362(c)(4)(B), the State Action was "stayed under § 362 of the Code," as required by Rule 9027(a)(2)(B).

Now that the court has determined that the State Action was in fact stayed under § 362, the court must determine whether the Notice of Removal was filed within 30 days after entry of an order terminating such stay. The Advisory Committee Note to Rule 9027 provides an explanation for why the time period contained in Rule 9027(a)(2)(B) only begins to run once an order terminating the stay has been entered:

> Subdivision (a)(2) [of Rule 9027] governs the situation in which there is litigation pending and a party to the litigation becomes a debtor under the Code. Frequently, removal would be of little utility in such cases because the pending litigation will be stayed by § 362(a) on commencement of the case under the Code. As long as the stay remains in effect there is no reason to impose a time limit for removal to the bankruptcy court and, therefore, clause (B) of subdivision (a)(2) provides that a removal application may be filed within 30 days of entry of an order terminating the stay.

14

FED. R. BANKR. PRO. 9027 advisory committee's note. See also In re Passodelis, 234 B.R. at 59. As laid out in great detail in the above discussion on whether the automatic stay applied to the severance and removal of the State Action, this court believes that the stay prohibiting any continuation of the State Action was terminated upon the entry of the September 24, 2008 Order which "reimposed [the stay] as regards all property of the estate." The language contained in such order limited the applicability of the stay to such an extent that the State Action was no longer stayed. Therefore, the September 24, 2008 Order constituted an "order terminating a stay" as required by Rule 9027(a)(2)(B). See Kuydendall v. Lawson (In re Lawson), 228 B.R. 195, 198 (Bankr. E.D. Tenn. 1998) (holding that a discharge order constituted an order terminating a stay for purposes of Rule 9027(a)(2)(B) because "[a]lthough the discharge order is not the traditional method by which stay relief from the automatic stay is obtained, the result is the same as if an order terminating the stay had been entered upon motion of a party in interest" and because "[t]he drafters of Rule 9027 did not limit application of subsection (a)(2) of that rule to stay termination orders entered exclusively on grounds enumerated under § 362(d)"). Therefore, the Plaintiff had until October 24, 2008, the 30th day after the entry of the September 24, 2008 Order which terminated the stay, to timely file a Notice of Removal. Because Plaintiff filed the Notice of Removal of the State Action on October 22, 2008, such Notice of Removal was timely pursuant to Rule 9027(a)(2).

**CONCLUSION**

The court finds that there was no stay in place that prohibited the Plaintiff's severance and removal of the State Action to this court. The court also finds that the Notice of Removal of the State Action filed by the Plaintiff on October 22, 2008 was timely filed pursuant to Rule 9027(a)(2). Therefore, the Debtor's Objection to Notice of Removal is hereby **OVERRULED** and the Debtor's

15

Motion for Remand is hereby **DENIED**. In addition, the Plaintiff's Motion for an Order Determining that Notice of Removal was Timely Filed is hereby **GRANTED**. An order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this March 27, 2009.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge